MICHAEL HILMAN SMITH v. STATE OF MARYLAND

[No. 955, September Term, 1980.]

*Decided April 10, 1981.*

The cause was submitted on briefs to MORTON, MOYLAN and MOORE, JJ.

Submitted by *Alan H. Murrell, Public Defender, Richard T. Cremin* and *Thomas J. Bollinger, Assigned Public Defenders,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, F. Ford Loker, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Judith R. Catterton, Assistant State's Attorney for Montgomery County,* for appellee.

MORTON, J., delivered the opinion of the Court.

On April 10, 1980, appellant was found guilty by a jury in the Circuit Court for Montgomery County of daytime housebreaking and sentenced to a term of five years.

In this appeal appellant contends that the trial judge committed reversible error in denying his motion to suppress evidence found in his automobile as a result of what the police defined as "an inventory search."

Officer Cocuzzi of the Montgomery County Police Department testified that on December 3, 1979, he observed the appellant near a gold Pontiac parked on a 7-11 Store parking lot located in Montgomery County. He also saw a female alight from the car, join the appellant and both entered the store. Shortly thereafter, the officer observed appellant leave the store, alone, and approach the Pontiac. Officer Cocuzzi testified that he sought certain information from the appellant, who said he had no identification, but stated that the car belonged to him. He produced the keys to the car and gave them to the officer. According to the officer, he knew that appellant was wanted on an outstanding bench warrant and thereupon placed him under arrest. At that time the officer observed in the back of the car a movie projector, a stereo component set with two speakers and several leather coats.

The car was removed to a police station where the officer undertook "an inventory search" of the contents of the car. Prior to the search Officer Cocuzzi had a conversation with Corporal Jessee concerning the obtaining of a search warrant for the car. According to Corporal Jessee, he conferred with an assistant state's attorney and was advised that there were no grounds to support the issuance of a warrant. The so-called inventory search was then conducted.

In *Manalansan v. State*, 45 Md. App. 667, 668 (1980), Judge Moylan, speaking for this Court, encapsulated the principles governing warrantless searches of automobiles, including an inventory search:

> "We begin with the bedrock proposition that the inventorying of the contents of an automobile is not a constitutionally-permitted investigative technique. A search for evidence within an automobile may only be undertaken pursuant to a validly issued search and seizure warrant, *Coolidge v. New Hamp-*

*shire,* 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971); warrantlessly where there is probable cause to believe that the automobile contains evidence of crime coupled with an exigency excusing the warrant requirement, *Carroll v. United States,* 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925); warrantlessly where all or some of the automobile lies within the reach, lunge or grasp of an arrestee, *Chimel v. California,* 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969), and *Peterson v. State,* 15 Md. App. 478, 292 A.2d 714; or warrantlessly pursuant to valid consent, *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). The inventorying of the contents of an automobile, on the other hand, serves a noninvestigative purpose."

Thus we turn to an independent examination of the record (*Herring v. State,* 43 Md. App. 211 (1979)) to determine whether we should accept the police officer's avowal that he conducted an inventory search or whether "in light of the information within the knowledge of the officer and the scope of the search, there is the strong suggestion that the search was actually a pretext concealing an investigatory police motive."

*Duncan and Smith v. State,* 281 Md. 247, 261 (1977).

We start with the proposition that the officer had been advised that there were no grounds for the issuance of a search warrant, which he evidently decided was desirable. The officer had information that the appellant "probably was good for other burglaries." The method of conducting the search sheds light on the officer's purpose or motive in making the inventory. He removed the contents of a brown wallet, a brown document box, all the contents of a red pouch which was found in a brown purse and removed all the contents of a brown bag.

" In dealing with a similar situation in *Waine v. State* [37. Md. App. 222 (1977)], Judge Thompson pointed out that

under *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (and now under *Arkansas v. Sanders,* 442 U.S. 753, 99 S. Ct. 2586, 61 L.Ed. 2d 235 (1979)), even probable cause coupled with exigency will not permit the police to open up suitcases, cartons and other containers. Even with probable cause, they are required to seize the suitcase or other container and keep it inviolate in the property room unless and until a warrant can be obtained. Judge Thompson there pointed out the irony of extending less protection to a citizen when his suitcase is being searched simply as an accommodation to himself and his property, saying at 37 Md. App. 234:

> 'As pointed out by Justice Powell in his concurring opinion in *South Dakota v. Opperman* [428 U.S. 364], 96 S.Ct. at 3102, the upholding of inventory searches does not provide a general license for the police to examine all the contents of the container.' " 45 Md. App. 673-674.

The meticulosity of such inventorying indicates to us that its purpose was not to protect and tabulate the contents of the car, but was a determined effort to secure incriminating evidence. As we said in *Dixon v. State,* 23 Md. App. 19, 38 (1974), "we cannot help but conclude that the officer's resort to an inventory rationale was a case more of investigative opportunism than of genuine solicitude for personal property."

Since the illegally seized evidence formed the major basis of appellant's conviction, the judgment of conviction must be reversed. In view of our conclusion we do not reach his contention with reference to his proffered written jury instructions.

We are not unaware that the conclusion we have reached here may affect the prosecution of other cases against appellant and is probably viewed by the police with much frustration. It must always be borne in mind, however, that

ours is a government of laws to be obeyed both by the enforcers of the law as well as the offenders.

> *Judgment reversed and case remanded for a new trial; costs are not reallocated as part of the judgment of this court pursuant to Maryland Rule 1082f.*